People v Ranallo (2021 NY Slip Op 51196(U))

[*1]

People v Ranallo (Christopher)

2021 NY Slip Op 51196(U) [73 Misc 3d 141(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-606 N CR

The People of the State of New York,
Respondent,
against
Christopher Ranallo, Appellant. 

Hug Law, PLLC (Matthew C. Hug of counsel), for appellant.
Nassau County District Attorney (Judith R. Sternberg and Jared A. Chester of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Joy M.
Watson, J.), rendered March 5, 2020. The judgment convicted defendant, after a nonjury trial, of
harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor information with assault in the third degree (Penal
Law § 120.00 [2]) for recklessly closing the window of his vehicle on the hand of his wife,
the complainant, with whom he was in the middle of divorce proceedings. Subsequently, the
District Court granted the People's motion to dismiss the reckless assault charge and, instead,
proceed on a charge of harassment in the second degree (Penal Law § 240.26 [1]);
accordingly, a superseding information was filed. Following a nonjury trial, in which the
complainant and defendant were each the sole testifying witness for the prosecution and defense,
respectively, the court found defendant guilty of harassment in the second degree and later
sentenced him.
We reject defendant's contention that the trial evidence was legally insufficient to sustain his
conviction. Viewed in the light most favorable to the People (see People v Gordon, 23
NY3d 643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), we find that the
prosecution presented "competent evidence which, if accepted as true, would establish every
element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). The
complainant's consistent, credible testimony was supported by a video of the incident taken by
defendant using his cell phone. The video demonstrated clearly that, while defendant indeed may
not have intended the window to come in contact with the complainant's hand, he did intend to
annoy or [*2]alarm her by, at minimum, acting in a way that
threatened to subject her hand to physical contact with the window (see Penal Law §
240.26 [1] [prohibits "subject(ing) such other persons to physical contact, or attempt(ing) or
threaten(ing) to do the same"]). Hence, the trial evidence was legally sufficient to sustain
defendant's conviction of harassment in the second degree.
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference
to the factfinder's opportunity to view the witnesses, hear their testimony and observe their
demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]). In light of the weight of the credible evidence of defendant's guilt, we
find no reason to disturb the court's guilty verdict.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021